**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Armando S.V., | |
| Petitioner, | **ORDER DENYING SECOND PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| Todd Blanche, et al., | Civil File No. 26-2333 (MJD/SGE) |
| Respondents. | |

Elizabeth Sue Eckholm, Nicholas Ratkowski, Ratkowski Law PLLC, Counsel for Petitioner.

David W. Fuller, Derek Granzhorn, Assistant United States Attorneys, Counsel for Respondents.

This matter is before the Court on Petitioner Armando S.V.'s Petition for Writ of Habeas Corpus.  (Doc. 1.)  This is Petitioner's second petition for writ of habeas corpus based on the same facts.  (See Civil Case No. 26-1500 (SHL/DJF).)

## I.   BACKGROUND

The following facts are from the March 9, 2026 order of visiting judge Stephen H. Locher of the United States District Court for the Southern District of Iowa on Petitioner's first motion for a writ of habeas corpus.

> Petitioner is a citizen of Mexico who has been in the United States since October 5, 2022.  Petitioner . . . entered the United States . . . [and] was issued a Notice to Appear the same day that charged him with removability under . . . the Immigration and Nationality Act. Petitioner was also granted parole for one year. . . .  Following a hearing in October 2024, an immigration judge [sustained] the charge of removability. . . .  Petitioner was placed "in a queue for a

1

> final hearing."  He was characterized as "not detained" following his immigration court proceedings.
>
> .  .  .
>
> On February 15, 2026, Petitioner was arrested by the Bloomington Police Department for Domestic Assault.  Respondents were notified of Petitioner's arrest and lodged an immigration detainer.  Petitioner was transferred to ICE custody that day. . . .  Petitioner was detained at the Kandiyohi County Jail in Willmar, Minnesota.

(Id., Doc. 8 at 1-2 (citations omitted & cleaned up).)  Judge Locher granted the petition in part and ordered a bond hearing.  (Id. at 5.)

The bond hearing was divided into morning and afternoon sessions because Petitioner's counsel did not have evidence or police reports in the morning to support Petitioner's claim that he was not a danger based on his arrest.  Immigration judge ("IJ") Monte Miller gave Petitioner the opportunity to withdraw his bond hearing request so he could gather the evidence he needed and then request a bond hearing at another time.  (Granzhorn Decl. Ex. A (audio record. of a.m. bond hr'g) at 13:56-14:05, 17:09.)  Petitioner declined this offer.  During the recess, neither Petitioner's counsel nor the government was able to obtain police records from Petitioner's arrest.  Therefore, IJ Miller denied Petitioner's request for a change in custody status because Petitioner failed to meet his burden to establish he was not a danger to persons or property.  (Doc. 8-5 at 3.)  IJ Miller announced his decision from the bench and explained that if

2

Petitioner was dissatisfied with the decision, he should appeal to the Board of Immigration Appeals.  (Granzhorn Decl. Ex. B (audio record. of p.m. bond hr'g) at 13:57.)

## II.    THE INSTANT PETITION

Petitioner now asks the Court to, in pertinent part, order his immediate release and declare the Respondents' action arbitrary and capricious and find that Respondents failed to adhere to binding regulations and precedent.  (Doc. 1 at 50-51.)  Although not identical, this petition's claims, other than those related to the IJ's decision, are duplicative of the claims in his original petition.

The Court will deny this petition.  Even if the Court were to find that Petitioner was the prevailing party on every one of his claims, the most relief the Court would order would be the same bond hearing the Court already ordered. See Biyde v. Blanche, et al., Civil No. 26-01800 (SHL/SGE), Doc. No. 8 (dismissing petition because "regardless of the authority on which he relie[d]—the INA, due process clause, APA, or Fourth Amendment—Petitioner ha[d] received the process to which he is entitled" when he had a bond hearing before an immigration judge and was denied bond).

Moreover, given that Hennepin County has now filed 2 charges of Domestic Assault—Misdemeanor—Attempt to Inflict Bodily Harm on Another and one charge of Interrupt, Interfere, Impede Disrupt 911 Call against Petitioner (Doc. 8-6), the Court finds, and the Court presumes the immigration court would again find, Petitioner a danger to the community.  (See id. at 3 (stating that Petitioner "slammed" wife against door; scratched wife's face as he "violently" grabbed phone from her; and grabbed wife around the neck and forced her onto the bed "in an angry manner"); (Granzhorn Decl. Ex. A at 7:00-:13 (IJ stating that he was "not a big proponent of domestic violence" and that "nobody—especially a man—should ever lay hands on a woman for whatever reason. . . .").)

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is **DENIED** and **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 22, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court

4